# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-373-MOC-DCK

| | | |
|---|---|---|
| PHILIPS MEDICAL SYSTEMS NEDERLAND B.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS INDIA LTD, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| TEC HOLDINGS, INC.; TRANSTATE EQUIPMENT COMPANY, INC.; PEAK TRUST COMPANY-AK; and ROBERT ANDREW WHEELER, | ) ) ) ) ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Defendant Peak Trust Company-AK's Motion To Seal" (Document No. 41) filed October 4, 2019. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and noting that the other parties do not object, the undersigned will <u>grant</u> the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1    SEALED FILINGS AND PUBLIC ACCESS.**

> **(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

> **(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.
>
> **(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:
>
>> **(1)** A non-confidential description of the material sought to be sealed;
>> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
>> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
>> **(4)** Supporting statutes, case law, or other authority.

Local Rule 6.1. It appears that the requirements of Local Rule 6.1(c)(1) through (4) have been adequately met.

By the instant motion, Defendant seeks to "temporarily seal for fourteen days" its "…Motion To Dismiss…" (Document No. 42) and its supporting memorandum and exhibits. Defendant contends such sealing is necessary to comply with a protective order in a related action entered by the United States District Court for the North District of Georgia. (Document No. 41, pp. 1-2). Apparently, the other parties to this action have agreed to file an appropriate motion within fourteen (14) days seeking to permanently seal certain information in Defendant's filing. Id.

Having considered the factors provided in Local Rule 6.1(c), the Court will grant the motion to seal. Noting that the time for public response has not run on this motion, the Court

will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. See Local Rule 6.1(e).

**IT IS, THEREFORE, ORDERED** that Defendant Peak Trust Company-AK's Motion To Seal" (Document No. 41) is **GRANTED**.

Signed: October 7, 2019

David C. Keesler
United States Magistrate Judge