UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-373-MOC-DCK

| | |
|---|---|
| PHILIPS MEDICAL SYSTEMS, NEDERLAND, B.V., et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) **ORDER** |
| | ) |
| TEC HOLDINGS, INC., et al., | )<br>) |
| Defendants. | )<br>) |

**THIS MATTER** comes before the Court on a Sealed Motion to Dismiss, filed by Peak Trust Company-AK, pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure, (Doc. No. 59), and on a Joint Motion to Dismiss Amended Complaint, (Doc. No. 60), filed by TEC Holdings, Inc. and Robert Andrew Wheeler, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I. BACKGROUND

This action and other actions pending in this district arise out of claims brought by Plaintiff Philips North America LLC[1] against various persons and entities, accusing the named Defendants of misappropriating and infringing Plaintiff's intellectual property under federal and state law. In this action, Plaintiff alleges that various Defendants have siphoned off various assets in order to become judgment proof in the related actions.

---

[1] Plaintiff Phillips refers to six named Plaintiff entities in this matter, all of which are collectively in the business of inter alia developing, manufacturing, selling, supporting, maintaining, and servicing medical imaging systems, including the proprietary hardware and software and related trade secrets necessary to operate, service, and repair such systems.

1

### A. Facts Underlying the Related Lawsuits Pending in this Court

Plaintiff develops and sells medical imaging systems to hospitals and other medical facilities and provides after-market service. Those facilities hire independent service organizations ("ISOs") to provide maintenance and support services for the systems. The ISOs included Defendant TEC Holdings, Inc. f/k/a Transtate Equipment Company, Inc. ("Transtate I") and its successor-in-interest, non-party Transtate Equipment Company, Inc., f/k/a Transtate Holdings, Inc. ("Transtate II"). Several of Plaintiff's prior employees were previously employed by Transtate I and are now currently employed by Transtate II. In the related lawsuits pending in this Court, Plaintiff alleges that Transtate I, at the direction of its owners Daniel Wheeler and Robert Andrew Wheeler, misappropriated and infringed Plaintiff's intellectual property related to service of its medical imaging systems and disabled and circumvented Plaintiff's security access controls relating to its software and other information, resulting in copyright infringement and violations of the Computer Fraud and Abuse Act, the Digital Millennium Copyright Act, the Defend Secrets Act, and the Georgia Trade Secrets Act.

### B. Plaintiff's Claims in this Action

In this action, Plaintiff essentially alleges that the named Defendants have attempted to protect themselves from a judgment in the related lawsuits by creating a trust through Defendant Peak Trust Company–AK. In the Amended Complaint, Plaintiff has named as Defendants (1) Transtate I; (2) Robert Andrew Wheeler, individually, in his capacity as a director, officer, and shareholder of Transtate I, and in his capacity as Executor of the Estate of Daniel R. Wheeler; and (3) Peak Trust Company–AK. Defendant Peak, an Alaska company, is the General Trustee of the Wheeler Family Trust and the RAW Family Trust. Plaintiff alleges that after the completion of a stock transfer to the Wheeler Trusts, Transtate I allegedly sold all of its assets to

2

Case 3:19-cv-00373-MOC-DCK   Document 85   Filed 06/29/20   Page 2 of 9

Transstate II for $20.8 million. According to Plaintiff, around March 31, 2017, Transtate I, at the direction of Daniel and Andrew Wheeler, distributed $16.5 million to the Wheeler Trusts as the shareholders of the non-voting shares of Transtate I.

Plaintiff alleges the following six claims for relief arising out of the Stock Transfer and the Cash Transfer: (1) that the Stock Transfer and the Cash Transfer are voidable under North Carolina's Uniform Voidable Transactions Act ("North Carolina UVTA" or the "UVTA"), N.C. GEN. STAT. § 39-23.4, against all Defendants; (2) that the Stock Transfer and the Cash Transfer are voidable under the UVTA, N.C. GEN. STAT. § 39-23.5, against all Defendants; (3) a claim for civil conspiracy against all Defendants; (4) violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. GEN. STAT. § 75-1.1, against Transtate I and Andrew Wheeler; (5) a claim for constructive trust against all Defendants; and 6) a claim for punitive damages against all Defendants.

On November 12, 2019, Defendants filed the two separate motions to dismiss. Plaintiff has responded in opposition to the motions to dismiss. This Court held a hearing on the motions to dismiss on June 16, 2020. Thus, this matter is ripe for disposition.

## II. DISCUSSION

### A. Defendant Peak Trust's Motion to Dismiss Pursuant to Rule 12(b)(1), Rule 12(b)(2), and Rule 12(b)(7).

Defendant Peak Trust seeks dismissal based on lack of subject matter jurisdiction, lack of personal jurisdiction, and, alternatively, for failure to state a claim. First, Defendant Peak Trust moves to dismiss based on lack of subject matter jurisdiction under Rules 12(b)(1) and 12(b)(7). As to subject matter jurisdiction, this Court's subject matter jurisdiction is based on diversity jurisdiction under 28 U.S.C. § 1332. Peak Trust argues that Transtate II is a necessary party to

3

Case 3:19-cv-00373-MOC-DCK   Document 85   Filed 06/29/20   Page 3 of 9

this action and must be joined, pursuant to Rule 19 of the Federal Rules of Civil Procedure, which governs when parties must be joined in a lawsuit. See FED. R. CIV. P. 19. Specifically, Peak Trust argues that Transtate II is a necessary party under Rule 19(a)(1)(B), which provides that "a nonjoined party is necessary to an adjudication if it 'claims an interest relating to the subject of the action' and its absence would . . . conflict with its 'ability to protect the interest.'" Transtate II and Plaintiff are both Delaware companies. Peak Trust argues that adding Transtate II would destroy diversity jurisdiction under 28 U.S.C. § 1332.[2] For this reason, Peak Trust argues that this Court lacks subject matter jurisdiction.

On a motion to dismiss under Rule 12(b)(1), a court must dismiss a complaint if it determines that it lacks subject matter jurisdiction. Sutton v. Charlotte-Mecklenburg Schs., No. 3:18-cv-00161-FDW-DCK, 2018 WL 3637366, at *2 (W.D.N.C. July 31, 2018). Furthermore, "the party seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists." Id. The moving party bears the burden of proof on a motion to dismiss under Rule 12(b)(7) for failure to join a required party. See Clark v Harrah's NC Casino Co., LLC, 2018 WL 6118624, at *3 (W.D.NC. Apr. 27, 2018), report and recommendation adopted by 2018 WL 4664136 (W.D.N.C. Sept. 18, 2018).

A motion to dismiss under Rule 12(b)(7) for failure to join a required party under Rule 19 entails a two-step analysis. See id. at *2. First, "the court must determine whether a party is

---

[2] Under 28 U.S.C. § 1332(a), districts courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States; [and] (2) citizens of a State and citizens or subjects of a foreign state." The Supreme Court "has interpreted [§ 1332] to require complete diversity between each plaintiff and each defendant." Basic Mach. Co. v. Ketom Constr., Inc., 686 F. Supp. 542, 543 (M.D.N.C. 1988). This means that "no party on one side may be a citizen of the same state as any party on the other side." Kueilin Lu Tu v. U-Haul Co. of S.C., 333 F. Supp. 3d 576, 580 (D.S.C. 2018).

4

necessary under Rule 19(a) because of its relationship to the matter under consideration." Id. (citing Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999)). If the court finds "the absent party is necessary, it must be ordered into the action so long as the joinder does not destroy the court's jurisdiction." Id. (citing Owens-Illinois, 186 F.3d at 440). Under the second step, "when a party cannot be joined because it would destroy the court's jurisdiction, the court must decide whether the action can continue without the party, or whether the party is indispensable under Rule 19(b) and the action must be dismissed." Id. "Rule 19 is not to be applied as a 'procedural formula,'" Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 433 (4th Cir. 2014), and "[d]ecisions must be made pragmatically, in the context of the substance of each case," id. (internal quotation marks omitted). "[C]ourts must take into account the possible prejudice 'to all parties, including those not before it.'" Id. (quoting Owens-Illinois, 186 F.3d at 441). "While the dismissal of a case is a drastic remedy [that] should be employed only sparingly, it is required if a non-joined party to the dispute is both necessary and indispensable." Id. (internal quotation marks omitted) (alteration in original).

For the reasons stated in Plaintiff's memorandum and in the Court's hearing on the motion to dismiss, the Court finds that Transtate II is not a necessary and indispensable party to this action. First, the Court can grant Plaintiff complete relief on its claims based on the parties named in Plaintiff's Amended Complaint. See McGovern v. Deutsche Post Global Mail, Ltd., No. 04-0060, 2004 WL 1764088, at *5 (D. Md. Aug. 4, 2004) (holding that a nonparty is unnecessary because, under Rule 19(a)(1), complete relief can be accorded among those already parties). Second, as discussed at the hearing on the motion to dismiss, Transtate II, by its own admission, does not claim an interest in this litigation or suggest it would suffer actual harm if

5

not named as a party.³  Soho Wilmington LLC v. Barnhill Contracting Co., No. 7:18-CV-79-D, 2019 WL 165708, at **5-6 (E.D.N.C. Jan. 10, 2019) (finding that the alleged necessary non-party never claimed an interest and therefore need not be joined).  Third, even to the extent that Transtate II could claim any interest in this litigation, Transtate II's president Andy Wheeler is a party to this action and is fully capable of representing Transtate II's interest, if any.  See McGovern, 2004 WL 1764088, at *6 (holding an absent party's interests "are not impaired by its absence from the suit" where a current party can represent the non-party's interest).  Therefore, the Court will deny the motion to dismiss based Peak Trust's argument that this Court lacks subject matter jurisdiction because Transtate II is a necessary and indispensable party under Rule 19.

Next, as to Peak Trust's motion to dismiss based on lack of personal jurisdiction, on a motion to dismiss under Rule 12(b)(2), "the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence."  New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005) (citation omitted).  When the court "considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of

---

³ According to Plaintiff, Peak Trust has incorrectly claimed that Plaintiff seeks to undo the sale of assets from Transtate I to Transtate II in order to ensure that Transtate I has the necessary assets upon which Plaintiffs could execute a judgment.  Plaintiff argues that it has pled, rather, that the asset sale between Transtate I and Transtate II was used to generate "much-needed liquidity" in the form of the cash received from Transtate II in exchange for sale of Transtate I's assets.  Plaintiff argues that it is alleging that, having exchanged assets for cash, Defendants then proceeded to fraudulently transfer that cash away from Transtate I for purposes of ensuring that Transtate I was insolvent and to hinder, delay, or defraud Philips in its claims against Transtate I and the Wheelers.  Thus, Plaintiff argues that the unwinding of that fraudulent transfer between Transtate I and the Wheeler Trusts will not "undo the sale of assets from Transtate I to Transtate II."

6

making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). "In considering whether the plaintiff has met this burden, the district court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id. (internal quotation marks omitted).

The Court will deny the motion to dismiss at this time to allow the parties to conduct jurisdictional discovery. During argument on the motion to dismiss for lack of personal jurisdiction, the parties both argued facts relevant to personal jurisdiction that were not before the Court on the parties' pleadings, thus making it apparent to the Court that further discovery on the issue of personal jurisdiction is needed. Thus, the motion to dismiss based on lack of personal jurisdiction is denied at this time.

**B. Defendants' Motions to Dismiss Pursuant to Rule 12(b)(6)**

Defendants have all filed motions to dismiss based, in part, on Rule 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

Given the lenient pleading standards of Iqbal and Twombly, the Court will deny the Rule 12(b)(6) motions to dismiss at this time and hold them under consideration pending further development of the record.

### III. CONCLUSION

Defendants' Rule 12(b)(6) motions to dismiss are denied, pending further development of the record, and the Court will issue a ruling after discovery and the parties' filing of summary judgment motions. Furthermore, the Rule 12(b)(2) motion to dismiss filed by Peak Trust based on lack of personal jurisdiction is also denied so that the parties may conduct jurisdictional discovery. Finally, the Rule 12(b)(1) and Rule 12(b)(7) motion to dismiss filed by Peak Trust based on subject matter jurisdiction is also denied, as the Court finds that Transtate II is not a necessary and indispensable party to this action under Rule 19.

**IT IS, THEREFORE, ORDERED** that:

8

1. The Sealed Motion to Dismiss, filed by Peak Trust Company-AK, filed pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure, (Doc. No. 59), is **DENIED**.

2. The Joint Motion to Dismiss Amended Complaint, filed by TEC Holdings, Inc. and Robert Andrew Wheeler, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, (Doc. No. 60), is **DENIED**.

Signed: June 29, 2020

Max O. Cogburn Jr
United States District Judge