# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### CIVIL ACTION NUMBER: 3:19-cv-00373-MOC-DCK

| | |
|---|---|
| PHILIPS MEDICAL SYSTEMS NEDERLAND B.V., PHILIPS NORTH AMERICA LLC, and PHILIPS INDIA LTD, <br><br> Plaintiffs, <br><br> v. <br><br> TEC HOLDINGS, INC., TRANSTATE EQUIPMENT COMPANY, INC., ROBERT ANDREW WHEELER, and PEAK TRUST COMPANY-AK, <br><br> Defendants. | **JURY TRIAL DEMANDED** |

## DEFENDANT TEC HOLDINGS, INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

COMES NOW Defendant TEC Holdings, Inc. f/k/a Transtate Equipment Company, Inc. ("TEC") and submits this, its Answer and Defenses to the Amended Complaint filed by Plaintiffs Philips Medical Systems Nederland B.V., Philips North America LLC, and Philips India, LTD. (collectively "Philips" or "Plaintiffs"), showing the Court as follows:

### ANSWER

1.     TEC denies the allegations of Paragraph 1 of the Amended Complaint.

2.     The content of the operative complaint in *Philips Medical Systems Nederland B.V. et al. v. TEC Holdings, Inc. et al.*, Case No. 3:20-cv-00021-MOC-DCK (the "Parallel Action") speaks for itself.  TEC denies the allegations of Paragraph 2 of the Amended Complaint to the extent they are inconsistent with the content of the operative complaint in the Parallel Action.  The remaining allegations of Paragraph 2 of the Amended Complaint contain alleged statements of law

to which no response is required.  To the extent any further response is required, TEC denies the remaining allegations of Paragraph 2 of the Amended Complaint.

3.      TEC admits that on or about March 31, 2017, TEC and Transtate Equipment Company, Inc., f/k/a Transtate Holdings, Inc. ("Transtate") entered into an Agreement for Purchase and Sale of Assets ("Purchase Agreement").  The content of the Purchase Agreement speaks for itself.  TEC denies the allegations of Paragraph 3 of the Amended Complaint to the extent they are inconsistent with the content of the Purchase Agreement.  The content of the operative complaint in in the Parallel Action speaks for itself.  TEC denies the allegations of Paragraph 3 of the Amended Complaint to the extent they are inconsistent with the content of the operative complaint.  TEC denies the remaining allegations of Paragraph 3 of the Amended Complaint.

4.      The content of the operative complaint in the Parallel Action speaks for itself.  TEC denies the allegations of Paragraph 4 of the Amended Complaint to the extent they are inconsistent with the content of the operative complaint in the Parallel Action.  TEC denies the remaining allegations of Paragraph 4 of the Amended Complaint.

5.      Paragraph 5 of the Amended Complaint contains alleged statements of law to which no response is required.  To the extent a response is required, TEC denies the allegations of Paragraph 5 of the Amended Complaint.

6.      TEC denies there was any so-called "Scheme" and denies the remaining allegations of Paragraph 6 of the Amended Complaint.

7.      TEC admits that a letter was forwarded to Robert Andrew Wheeler ("Andrew Wheeler," and collectively with Daniel Wheeler, the "Wheelers") by email in August 2016.  The contents of the letter and the email speak for themselves.  TEC denies the allegations of Paragraph

7 of the Amended Complaint to the extent they are inconsistent with the contents of the letter and the email. TEC denies the remaining allegations of Paragraph 7 of the Amended Complaint.

8.     TEC admits that its board of directors adopted and its shareholders approved Restated Articles of Incorporation ("Restated Articles"). The contents of the Restated Articles speak for themselves. TEC denies the allegations of Paragraph 8 of the Amended Complaint to the extent they are inconsistent with the contents of the Restated Articles. TEC admits that TEC and Transtate entered into the Purchase Agreement. The content of the Purchase Agreement speaks for itself. TEC denies the allegations of Paragraph 8 of the Amended Complaint to the extent they are inconsistent with the content of the Purchase Agreement. TEC admits that it distributed to its shareholders certain proceeds from the sale of TEC's assets pursuant to the Purchase Agreement. TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 8 of the Amended Complaint relating to the trusts or the transfer of the Wheelers' interests in TEC, as well as relating to Peak Trust Company—AK ("Peak") and, therefore, denies them. TEC denies there was any so-called "Scheme" and denies the remaining allegations of Paragraph 8 of the Amended Complaint.

9.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 9 of the Amended Complaint relating to the Wheelers' personal knowledge, the trusts, or the transfer of the Wheelers' interests in TEC and, therefore, denies them. TEC denies there was any so-called "Scheme" and denies the remaining allegations of Paragraph 9 of the Amended Complaint.

10.     TEC denies the allegations of Paragraph 10 of the Amended Complaint.

11.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 11 of the Amended Complaint relating to the letters allegedly

sent in or about September 2016 and November 2016 and, therefore, denies them. TEC avers that it did not receive copies of these letters until approximately mid-December 2016. The contents of the letter sent by Philips in early December 2016, the letter sent by Daniel Wheeler in response, and the subsequent letter from TEC's counsel speak for themselves. TEC denies the allegations of Paragraph 11 of the Amended Complaint to the extent they are inconsistent with the contents of the letters. TEC denies the remaining allegations of Paragraph 11 of the Amended Complaint.

12.     TEC denies the allegations of Paragraph 12 of the Amended Complaint.

13.     TEC denies the allegations of Paragraph 13 of the Amended Complaint.

PARTIES

14.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 14 of the Amended Complaint and, therefore, denies them.

15.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 15 of the Amended Complaint and, therefore, denies them.

16.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 16 of the Amended Complaint and, therefore, denies them.

17.     TEC admits the allegations of Paragraph 17 of the Amended Complaint.

18.     TEC admits that after the sale of TEC's assets to Transtate, TEC's name was changed from Transtate Equipment Company, Inc. to TEC Holdings, LLC and Transtate's name was changed from Transtate Holdings, Inc. to Transtate Equipment Company, Inc. The content of the Purchase Agreement speaks for itself. TEC denies the allegations of Paragraph 18 of the Amended Complaint to the extent they are inconsistent with the content of the Purchase Agreement. TEC denies the remaining allegations of Paragraph 18 of the Amended Complaint.

19.     TEC admits the allegations of Paragraph 19 of the Amended Complaint.

20. TEC admits the allegations of Paragraph 20 of the Amended Complaint.

21. TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 21 of the Amended Complaint and, therefore, denies them.

22. TEC admits that Daniel Wheeler resided in Wake County, North Carolina, and was President and a shareholder of TEC prior to his death on March 23, 2019. TEC is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 22 of the Amended Complaint and, therefore, denies them.

23. TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 23 of the Amended Complaint and, therefore, denies them.

24. Paragraph 24 of the Amended Complaint contains alleged statements of law to which no response is required. To the extent a response is required, Philips' Amended Complaint speaks for itself. TEC denies the allegations of Paragraph 24 of the Amended Complaint to the extent they are inconsistent with the content of the Amended Complaint.

25. TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 25 of the Amended Complaint and, therefore, denies them.

JURISDICTION AND VENUE

26. Paragraph 26 of the Amended Complaint contains alleged statements of law to which no response is required. To the extent a response is required, TEC denies the allegations of Paragraph 26 of the Amended Complaint.

27. Paragraph 27 of the Amended Complaint contains alleged statements of law to which no response is required. To the extent a response is required, TEC denies the allegations of Paragraph 27 of the Amended Complaint.

28. Paragraph 28 of the Amended Complaint contains alleged statements of law to which no response is required. To the extent a response is required, TEC admits that Andrew Wheeler resides in this judicial district and denies the remaining allegations of Paragraph 28 of the Amended Complaint.

<u>FACTUAL ALLEGATIONS</u>

29. TEC admits the allegations of Paragraph 29 of the Amended Complaint.

30. The content of Philips' original pleading in the present action speaks for itself. TEC denies any allegations of Paragraph 30 Amended Complaint to the extent they are inconsistent with the content of the original pleading in the present action. TEC is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 30 of the Amended Complaint and, therefore, denies them.

31. TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 31 of the Amended Complaint and, therefore, denies them.

32. TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 32 of the Amended Complaint and, therefore, denies them.

33. TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 33 of the Amended Complaint and, therefore, denies them.

34. TEC admits that TEC's counsel received correspondence from Philips' counsel on or about August 13, 2018. The content of the correspondence speaks for itself. TEC denies any allegations of Paragraph 34 of the Amended Complaint to the extent they are inconsistent with the content of the correspondence. The content of Philips' original pleading in the present action speaks for itself. TEC denies any allegations of Paragraph 34 of the Amended Complaint to the extent they are inconsistent with the content of the original pleading in this action. TEC is without

6

knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 34 of the Amended Complaint and, therefore, denies them.

35.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 35 of the Amended Complaint and, therefore, denies them.

36.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 36 of the Amended Complaint and, therefore, denies them.

37.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 37 of the Amended Complaint and, therefore, denies them.

38.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 38 of the Amended Complaint and, therefore, denies them.

39.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 39 of the Amended Complaint and, therefore, denies them.

<u>Overview and Pending Georgia Action</u>

40.     TEC admits that Philips develops, manufactures, and sells, and in certain instances, supports, maintains, and services certain medical imaging systems used at hospitals and medical centers, including x-ray machines.  TEC denies the remaining allegations of Paragraph 40 of the Amended Complaint.

41.     TEC denies the allegations of Paragraph 41 of the Amended Complaint.

42.     TEC admits that it provided maintenance and support services for certain Philips-manufactured systems and other non-Philips medical imaging systems.  TEC admits that certain of TEC's former employees formerly were employed by a Philips entity.  TEC is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 42 of the Amended Complaint and, therefore, denies them.

7

43. TEC denies the allegations of Paragraph 43 of the Amended Complaint.

44. The contents of the pleadings in the Parallel Action speak for themselves. TEC denies the allegations of Paragraph 44 of the Amended Complaint to the extent they are inconsistent with the contents of the pleadings in the Parallel Action. TEC denies the remaining allegations of Paragraph 44 of the Amended Complaint.

45. TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 45 of the Amended Complaint relating to Philips' alleged knowledge obtained through discovery in the Parallel Action and, therefore, denies them. TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 45 of the Amended Complaint relating to the actions of Transtate or of the Wheelers outside of their capacities as officers of TEC and, therefore, denies them. TEC denies the remaining allegations of Paragraph 45 of the Amended Complaint.

46. TEC states that the contents of all pleadings and motions in the Parallel Action speak for themselves. TEC denies the allegations of Paragraph 46 of the Amended Complaint to the extent they are inconsistent with the contents of the pleadings and motions in the Parallel Action. TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 46 of the Amended Complaint relating to Philips' alleged knowledge obtained through discovery in the Parallel Action and, therefore, denies them. TEC denies the remaining allegations of Paragraph 46 of the Amended Complaint.

47. TEC states that the contents of all pleadings and orders in the Parallel Action speak for themselves. TEC denies the allegations of Paragraph 47 of the Amended Complaint to the extent they are inconsistent with the contents of the pleadings and orders in the Parallel Action.

48. Paragraph 48 of the Amended Complaint contains alleged statements of law to which no response is required. To the extent a response is required, TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 48 of the Amended Complaint relating to Philips' alleged knowledge obtained through discovery in the Parallel Action and, therefore, denies them. TEC denies that it ever "engaged in fraudulent, voidable transfers of assets." TEC denies the remaining allegations of Paragraph 48 of the Amended Complaint.

49. TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 49 of the Amended Complaint relating to Philips' alleged knowledge obtained through discovery in the Parallel Action and, therefore, denies them. The contents of the documents produced and the Protective Order entered in the Parallel Action speak for themselves. TEC denies the allegations of Paragraph 49 of the Amended Complaint to the extent they are inconsistent with the contents of the documents produced or the Protective Order entered in the Parallel Action. TEC denies the remaining allegations of Paragraph 49 of the Amended Complaint.

50. The contents of the motions and pleadings in the Parallel Action speak for themselves. TEC denies the allegations of Paragraph 50 of the Amended Complaint to the extent they are inconsistent with the contents of the motions and pleadings in the Parallel Action.

51. The contents of the motions, memoranda, and pleadings in the Parallel Action speak for themselves. TEC denies the allegations of Paragraph 51 of the Amended Complaint to the extent they are inconsistent with the contents of the motions, memoranda, and pleadings in the Parallel Action. TEC denies that any of its actions had any impact on the timing of the filing of

Plaintiffs' complaint, and denies the remaining allegations of Paragraph 51 of the Amended Complaint.

52.     The contents of the pleadings and orders entered in the Parallel Action and in the present action speak for themselves.  TEC denies the allegations of Paragraph 52 of the Amended Complaint to the extent they are inconsistent with the contents of the pleadings and orders entered in the Parallel Action or in the present action.  The contents of the documents attached as Exhibits 1 and 2 to the Amended Complaint speak for themselves.  TEC denies the allegations of Paragraph 52 of the Amended Complaint to the extent they are inconsistent with the contents of these documents

53.     TEC admits that the Parallel Action remains pending.  TEC admits that Philips has issued discovery requests in the Parallel Action, the contents of which speak for themselves.  TEC denies the allegations of Paragraph 53 of the Amended Complaint to the extent they are inconsistent with the contents of the discovery requests issued in the Parallel Action.  TEC denies the remaining allegations of Paragraph 53 of the Amended Complaint.

54.     TEC denies the allegations of Paragraph 54 of the Amended Complaint.

55.     The contents of the motions to dismiss and associated briefing filed in the Parallel Action speak for themselves.  TEC denies the allegations of Paragraph 55 of the Amended Complaint to the extent they are inconsistent with the contents of those pleadings.  TEC denies the remaining allegations of Paragraph 55 of the Amended Complaint.

56.     TEC denies the allegations of Paragraph 56 of the Amended Complaint.

57.     The content of the letter directed to North American Imaging dated August 12, 2016 speaks for itself.  TEC denies the allegations of Paragraph 57 of the Amended Complaint to the extent they are inconsistent with the content of the letter.  TEC is without knowledge or

information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 57 of the Amended Complaint and, therefore, denies them.

58. TEC admits that North America Imaging entered into a subcontract with TEC to provide maintenance and support services for certain Philips systems and other non-Philips medical imaging systems and that TEC's employees provided such maintenance and support services pursuant to the terms of the subcontract. TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 58 of the Amended Complaint relating to Philips' knowledge of the relationship between TEC and North America Imaging and, therefore, denies them. TEC denies the remaining allegations of Paragraph 58.

59. TEC admits that a letter directed to North American Imaging dated August 12, 2016 was forwarded to and arrived in Andrew Wheeler's email inbox on or about August 12, 2016. The contents of the letter and the email speak for themselves. TEC denies the allegations of Paragraph 59 of the Amended Complaint to the extent they are inconsistent with the contents of the letter or the email. TEC is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 59 of the Amended Complaint and, therefore, denies them.

60. TEC admits that Andrew Wheeler forwarded a letter and email dated August 12, 2016 to Daniel Wheeler by email on or about August 12, 2016. The contents of the letter and the emails speak for themselves. TEC denies the allegations of Paragraph 60 of the Amended Complaint to the extent they are inconsistent with the contents of the letter or the emails.

61. TEC admits that on August 12, 2016, Daniel Wheeler was the President and a shareholder of TEC and Andrew Wheeler was a shareholder of TEC. TEC denies any remaining allegations of Paragraph 61.

62.     TEC denies the allegations of Paragraph 62 of the Amended Complaint.

63.     TEC denies the allegations of Paragraph 63 of the Amended Complaint.

64.     TEC denies the allegations of Paragraph 64 of the Amended Complaint.

65.     TEC denies the allegations of Paragraph 65 of the Amended Complaint.

66.     TEC admits that on or about September 28, 2016, Daniel Wheeler was the President and Andrew Wheeler was the Secretary of TEC.  TEC admits that its board of directors adopted and its shareholders approved the Restated Articles on or about September 28, 2016.  The contents of the Restated Articles speak for themselves.  TEC denies the allegations of Paragraph 66 of the Amended Complaint to the extent they are inconsistent with the contents of the Restated Articles. TEC denies the remaining allegations of Paragraph 66 of the Amended Complaint.

67.     TEC admits that, prior to the adoption of the Restated Articles on or about September 28, 2016, TEC had issued a total of 450 shares of common stock.  TEC denies any remaining allegations of Paragraph 67 of the Amended Complaint.

68.     The contents of the Restated Articles speak for themselves.  TEC denies the allegations of Paragraph 68 of the Amended Complaint to the extent they are inconsistent with the contents of the Restated Articles.  TEC denies any remaining allegations of Paragraph 68 of the Amended Complaint.

69.     The contents of the Restated Articles speak for themselves.  TEC denies the allegations of Paragraph 69 of the Amended Complaint to the extent they are inconsistent with the contents of the Restated Articles.  TEC denies any remaining allegations of Paragraph 69 of the Amended Complaint.

70.     The contents of the Restated Articles speak for themselves. TEC denies the allegations of Paragraph 70 of the Amended Complaint to the extent they are inconsistent with the contents of the Restated Articles.

71.     TEC denies that there has been any dilution of its stock. TEC is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 71 of the Amended Complaint and, therefore, denies them.

72.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 72 of the Amended Complaint and, therefore, denies them.

73.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 73 of the Amended Complaint and, therefore, denies them.

74.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 74 of the Amended Complaint and, therefore, denies them.

75.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 75 of the Amended Complaint and, therefore, denies them.

76.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 76 of the Amended Complaint and, therefore, denies them.

77.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 77 of the Amended Complaint and, therefore, denies them.

78.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 78 of the Amended Complaint and, therefore, denies them.

79.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 79 of the Amended Complaint and, therefore, denies them.

80.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 80 of the Amended Complaint and, therefore, denies them.

81.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 81 of the Amended Complaint and, therefore, denies them.

82.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 82 of the Amended Complaint and, therefore, denies them.

83.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 83 of the Amended Complaint and, therefore, denies them.

84.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 84 of the Amended Complaint and, therefore, denies them.

85.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 85 of the Amended Complaint and, therefore, denies them.

86.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 86 of the Amended Complaint and, therefore, denies them.

87.     TEC denies there was any so-called "Scheme" and denies the remaining allegations of Paragraph 87 of the Amended Complaint.

88.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 88 of the Amended Complaint relating to Peak's business activities and, therefore, denies them.  TEC denies there was any so-called "Scheme" and denies the remaining allegations of Paragraph 88 of the Amended Complaint.

89.     TEC admits that it is a North Carolina corporation with its principal place of business in Concord, North Carolina.  TEC is without knowledge or information sufficient to form

a belief regarding the truth of the remaining allegations of Paragraph 89 of the Amended Complaint and, therefore, denies them.

90.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 90 of the Amended Complaint and, therefore, denies them.

91.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 91 of the Amended Complaint and, therefore, denies them.

92.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 92 of the Amended Complaint and, therefore, denies them.

93.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 93 of the Amended Complaint and, therefore, denies them.

94.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 94 of the Amended Complaint and, therefore, denies them.

95.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 95 of the Amended Complaint relating to the promissory notes and the transfers of the Wheelers' interests in TEC and, therefore, denies them.  TEC denies there was any so-called "Scheme" and denies the remaining allegations of Paragraph 95 of the Amended Complaint.

96.     TEC denies the allegations of Paragraph 96 of the Amended Complaint.

97.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 97 of the Amended Complaint and, therefore, denies them.

98.     TEC admits that the Wheelers were the only officers and the only voting shareholders of TEC.  TEC is without knowledge or information sufficient to form a belief

regarding the truth of the remaining allegations of Paragraph 98 of the Amended Complaint and, therefore, denies them.

99. TEC denies the allegations of Paragraph 99 of the Amended Complaint.

100. TEC denies the allegations of Paragraph 100 of the Amended Complaint.

101. TEC denies the allegations of Paragraph 101 of the Amended Complaint.

102. TEC denies the allegations of Paragraph 102 of the Amended Complaint.

103. TEC admits that TEC and Transtate entered into the Purchase Agreement. The content of the Purchase Agreement speaks for itself. TEC denies the allegations of Paragraph 103 of the Amended Complaint to the extent they are inconsistent with the content of the Purchase Agreement. TEC denies the remaining allegations of Paragraph 103 of the Amended Complaint.

104. TEC admits that the Wheelers were the only officers and the only voting shareholders of TEC. TEC admits that on or about December 23, 2016, Daniel Wheeler signed a letter of intent related to an asset sale between TEC and Transtate. The content of the letter of intent speaks for itself. TEC denies the allegations of Paragraph 104 of the Amended Complaint to the extent they are inconsistent with the content of the letter of intent. TEC denies the remaining allegations of Paragraph 104 of the Amended Complaint.

105. TEC denies the allegations of Paragraph 105 of the Amended Complaint.

106. TEC admits that on or about March 31, 2017, TEC and Transtate entered into the Purchase Agreement. The content of the Purchase Agreement speaks for itself. TEC denies the allegations of Paragraph 106 of the Amended Complaint to the extent they are inconsistent with the content of the Purchase Agreement.

107.     The content of the Purchase Agreement speaks for itself.   TEC denies the allegations of Paragraph 107 of the Amended Complaint to the extent they are inconsistent with the content of the Purchase Agreement.

108.     TEC denies the allegations of Paragraph 108 of the Amended Complaint.

109.     TEC denies the allegations of Paragraph 109 of the Amended Complaint.

110.     The content of the Purchase Agreement speaks for itself.   TEC denies the allegations of Paragraph 110 of the Amended Complaint to the extent they are inconsistent with the content of the Purchase Agreement.   TEC denies the remaining allegations of Paragraph 110 of the Amended Complaint.

111.     TEC denies the allegations of Paragraph 111 of the Amended Complaint.

112.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 112 of the Amended Complaint and, therefore, denies them.

113.     TEC denies that the asset sale between TEC and Transtate occurred shortly before Philips filed the Parallel Action.   TEC is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 113 of the Amended Complaint and, therefore, denies them.

114.     TEC admits that, at the time of execution of the Purchase Agreement, the Wheelers were TEC's sole officers and voting shareholders.   TEC denies the remaining allegations of Paragraph 114 of the Amended Complaint.

115.     TEC admits that, at the time of execution of the Purchase Agreement, the Wheelers were TEC's sole officers and voting shareholders.   TEC denies the allegations of Paragraph 115 of the Amended Complaint.

116.     TEC denies the allegations of Paragraph 116 of the Amended Complaint.

117.	TEC admits that it distributed to its shareholders proceeds from the sale of TEC's assets pursuant to the Purchase Agreement.  TEC admits that, at the time of the distribution, the Wheelers were TEC's sole officers and voting shareholders.  TEC denies the remaining allegations of Paragraph 117 of the Amended Complaint.

118.	TEC admits that it distributed to its shareholders proceeds from the sale of TEC's assets pursuant to the Purchase Agreement.  TEC admits that, at the time of the distribution, the trusts held shares of TEC's Class B non-voting stock.  TEC denies the remaining allegations of Paragraph 118 of the Amended Complaint.

119.	TEC admits that, at the time of the distribution, the Wheelers held the only voting shares of TEC.  TEC denies the remaining allegations of Paragraph 119 of the Amended Complaint.

120.	TEC denies the allegations of Paragraph 120 of the Amended Complaint.

121.	TEC denies the allegations of Paragraph 121 of the Amended Complaint.

122.	TEC denies the allegations of Paragraph 122 of the Amended Complaint.

123.	TEC denies the allegations of Paragraph 123 of the Amended Complaint.

124.	TEC denies the allegations of Paragraph 124 of the Amended Complaint.

125.	TEC denies the allegations of Paragraph 125 of the Amended Complaint.

126.	TEC denies the allegations of Paragraph 126 of the Amended Complaint.

127.	TEC denies the allegations of Paragraph 127 of the Amended Complaint.

128.	TEC denies the allegations of Paragraph 128 of the Amended Complaint.

129.	TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 129 of the Amended Complaint and, therefore, denies them.

130.    The contents of the Restated Articles speak for themselves.  TEC denies the allegations of Paragraph 130 of the Amended Complaint to the extent they are inconsistent with the contents of the Restated Articles.  TEC denies there was any dilution of its stock and denies the remaining allegations of Paragraph 130 of the Amended Complaint.

131.    TEC is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 131 of the Amended Complaint and, therefore, denies them.

132.    TEC admits that it received a letter from Philips dated December 9, 2016.  The content of the letter speaks for itself.  TEC denies the allegations of Paragraph 132 of the Amended Complaint to the extent they are inconsistent with the content of that letter.  TEC denies the remaining allegations of Paragraph 132 of the Amended Complaint.

133.    TEC admits that Daniel Wheeler, as President of TEC, sent Philips a letter dated December 16, 2016.  The content of the letter speaks for itself.  TEC denies the allegations of Paragraph 133 of the Amended Complaint to the extent they are inconsistent with the content of the letter.  TEC denies the remaining allegations of Paragraph 133 of the Amended Complaint.

134.    TEC admits that Daniel Wheeler sent Philips a letter dated December 16, 2016.  The content of the letter speaks for itself.  TEC denies the allegations of Paragraph 134 of the Amended Complaint to the extent they are inconsistent with the content of the letter.

135.    TEC denies the allegations of Paragraph 135 of the Amended Complaint.

136.    TEC admits that Daniel Wheeler signed a letter of intent related to an asset sale between TEC and Transtate.  The content of the letter of intent speaks for itself.  TEC denies the allegations of Paragraph 136 of the Amended Complaint to the extent they are inconsistent with

the content of the letter of intent. TEC denies the remaining allegations of Paragraph 136 of the Amended Complaint.

137. The contents of TEC's letters directed to Philips dated December 16, 2016 and January 13, 2017 speak for themselves. TEC denies the allegations of Paragraph 136 of the Amended Complaint to the extent they are inconsistent with the contents of the letters. TEC denies any remaining allegations of Paragraph 137 of the Amended Complaint.

138. TEC denies the allegations of Paragraph 138 of the Amended Complaint.

FIRST CLAIM FOR RELIEF
(North Carolina Uniform Voidable Transaction Act,
N.C. Gen. Stat. § 39-23.4 – The Scheme) (All Defendants)

139. TEC incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

140. TEC denies the allegations of Paragraph 140 of the Amended Complaint.

141. TEC denies the allegations of Paragraph 141 of the Amended Complaint.

142. TEC denies the allegations of Paragraph 142 of the Amended Complaint.

143. TEC denies the allegations of Paragraph 143 of the Amended Complaint.

144. TEC denies the allegations of Paragraph 144 of the Amended Complaint.

145. TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 145 of the Amended Complaint relating to the trusts and the transfer of the Wheeler's interests in TEC and, therefore, denies them. TEC admits that the Wheelers were officers and shareholders of TEC. TEC denies the remaining allegations of Paragraph 145 of the Amended Complaint.

146.     TEC admits that certain stock in TEC was transferred to the trusts.  TEC admits that the Wheelers were officers and shareholders of TEC.  TEC denies the remaining allegations of Paragraph 146 of the Amended Complaint.

147.     TEC denies the allegations of Paragraph 147 of the Amended Complaint.

148.     TEC denies the allegations of Paragraph 148 of the Amended Complaint.

149.     TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 149 of the Amended Complaint relating to the Wheelers' net worth and, therefore, denies them.  TEC denies the remaining allegations of Paragraph 149 of the Amended Complaint.

150.     TEC denies the allegations of Paragraph 150 of the Amended Complaint.

151.     TEC denies the allegations of Paragraph 151 of the Amended Complaint.

152.     TEC denies the allegations of Paragraph 152 of the Amended Complaint.

153.     TEC denies the allegations of Paragraph 153 of the Amended Complaint.

154.     The content of the Purchase Agreement speaks for itself.  TEC denies the allegations of Paragraph 154 of the Amended Complaint to the extent they are inconsistent with the content of the Purchase Agreement.  TEC denies the remaining allegations of Paragraph 154 of the Amended Complaint.

155.     TEC denies the allegations of Paragraph 155 of the Amended Complaint.

156.     TEC denies the allegations of Paragraph 156 of the Amended Complaint.

157.     TEC denies the allegations of Paragraph 157 of the Amended Complaint.

158.     TEC denies the allegations of Paragraph 158 of the Amended Complaint.

159.     Paragraph 159 of the Amended Complaint contains alleged statements of law to which no response is required.  To the extent a response is required, TEC is without knowledge or

information sufficient to form a belief regarding the truth of the allegations of Paragraph 159 of the Amended Complaint relating to the trusts and, therefore, denies them. TEC admits that the Wheelers were officers and shareholders of TEC. TEC denies the remaining allegations of Paragraph 159 of the Amended Complaint.

160.    TEC denies the allegations of Paragraph 160 of the Amended Complaint.

161.    TEC denies the allegations of Paragraph 161 of the Amended Complaint.

162.    TEC denies the allegations of Paragraph 162 of the Amended Complaint.

163.    TEC denies the allegations of Paragraph 163 of the Amended Complaint.

164.    TEC denies the allegations of Paragraph 164 of the Amended Complaint.

SECOND CLAIM FOR RELIEF
(North Carolina Uniform Voidable Transaction Act,<br>N.C. Gen. Stat. § 39-23.5 – The Scheme) (All Defendants)

165.    TEC incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

166.    TEC denies the allegations of Paragraph 166 of the Amended Complaint.

167.    TEC denies the allegations of Paragraph 167 of the Amended Complaint.

168.    TEC denies the allegations of Paragraph 168 of the Amended Complaint.

169.    TEC denies the allegations of Paragraph 169 of the Amended Complaint.

170.    TEC denies the allegations of Paragraph 170 of the Amended Complaint.

171.    TEC denies the allegations of Paragraph 171 of the Amended Complaint.

172.    TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 172 of the Amended Complaint relating to the trusts and, therefore, denies them. TEC admits that the Wheelers were officers and shareholders of TEC. TEC denies the remaining allegations of Paragraph 172 of the Amended Complaint.

173.    TEC denies the allegations of Paragraph 173 of the Amended Complaint.

THIRD CLAIM FOR RELIEF
(Civil Conspiracy) (All Defendants)

174.    TEC incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

175.    TEC denies the allegations of Paragraph 175 of the Amended Complaint.

176.    TEC denies the allegations of Paragraph 176 of the Amended Complaint.

177.    TEC denies the allegations of Paragraph 177 of the Amended Complaint.

178.    TEC denies the allegations of Paragraph 178 of the Amended Complaint.

179.    TEC denies the allegations of Paragraph 179 of the Amended Complaint.

180.    TEC denies the allegations of Paragraph 180 of the Amended Complaint.

FOURTH CLAIM FOR RELIEF
(Unfair and Deceptive Acts or Practices under North Carolina General Statutes Section 75-1.1) (Defendants Transtate I and Andy Wheeler individually and in his capacity as an officer, director and shareholder of Transtate I and in his capacity as Personal Representative and Executor of Daniel Wheeler's estate)

181.    TEC incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

182.    TEC denies the allegations of Paragraph 182 of the Amended Complaint.

183.    TEC denies the allegations of Paragraph 183 of the Amended Complaint.

184.    TEC denies the allegations of Paragraph 184 of the Amended Complaint.

185.    TEC denies the allegations of Paragraph 185 of the Amended Complaint.

FIFTH CLAIM FOR RELIEF
(Constructive Trust) (All Defendants)

186.    TEC incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

187. TEC is without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 187 of the Amended Complaint and, therefore, denies them.

188. TEC denies that it engaged in any fraudulent transfer. TEC is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 188 of the Amended Complaint and, therefore, denies them.

189. TEC denies the allegations of Paragraph 189 of the Amended Complaint.

190. TEC denies the allegations of Paragraph 190 of the Amended Complaint.

191. TEC denies the allegations of Paragraph 191 of the Amended Complaint.

192. TEC denies the allegations of Paragraph 192 of the Amended Complaint.

193. TEC denies the allegations of Paragraph 193 of the Amended Complaint.

194. TEC denies the allegations of Paragraph 194 of the Amended Complaint.

SIXTH CLAIM FOR RELIEF<br>(Punitive Damages) (All Defendants)

195. TEC incorporates by reference its responses to all preceding paragraphs of the Amended Complaint as if fully set forth herein.

196. TEC denies the allegations of Paragraph 196 of the Amended Complaint.

197. TEC denies the allegations of Paragraph 197 of the Amended Complaint.


EXCEPT AS EXPRESSLY ADMITTED, TEC DENIES EACH AND EVERY ALLEGATION IN THE AMENDED COMPLAINT.

## DEFENSES

### FIRST DEFENSE

Philips's Amended Complaint fails to state a claim upon which relief can be granted, including for the reasons set forth in TEC's and the Wheelers' Joint Motion to Dismiss, and related briefing. *See* DE 60.

### SECOND DEFENSE

Philips' claims are barred because Philips suffered no damages from any alleged acts or omissions by TEC in the Amended Complaint.

### THIRD DEFENSE

Philips is barred in-whole or in-part from recovering on the claims asserted against TEC because any injuries or damages alleged by Philips were not the legal, direct, or proximate result of any acts or omissions on the part of TEC.

### FOURTH DEFENSE

Philips' claims are barred in whole or in part because Philips would be unjustly enriched if it were allowed to recover any portion of any damages alleged in the Amended Complaint. Similarly, any recovery by Philips for its claims is barred in-whole or in-part because it would result in multiple recoveries by Philips for the same injuries alleged to be caused by multiple Defendants, among the various claims in the Complaint, and/or by any recovery in this action or other case.

### FIFTH DEFENSE

Philips' First Claim for Relief is barred in whole or in part because the transferees took in good faith and for a reasonably equivalent value.

## SIXTH DEFENSE

To the extent Philips' Second Claim for Relief for fraudulent transfer under N.C. Gen. Stat. § 39-23.5 asserts a claim for constructive fraudulent transfer under N.C. Gen. Stat. § 39-23.5(b), it is barred in whole or in part by the one-year statute of repose under N.C. Gen. Stat. § 39-23.9(3).

## SEVENTH DEFENSE

Philips' Third Claim for Relief for civil conspiracy is barred by the intracorporate immunity and/or the intracorporate conspiracy doctrine because it purports to assert a conspiracy claim against a corporation and its agents, officers, or employees.

## EIGHTH DEFENSE

Philips' claims are barred in whole or in part are by the applicable statutes of limitation including, but not limited to, the three-year statute of limitations under N.C. Gen. Stat. § 1-52(5).

## NINTH DEFENSE

Philips knows or should know that its Fourth Claim for Relief for violation of the North Carolina Unfair and Deceptive Trade Practices Act is frivolous and malicious. Thus, TEC is entitled to recovery of its attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1.

## TENTH DEFENSE

Philips' Fifth Claim for Relief for imposition of a constructive trust is barred because Philips possesses an adequate remedy at law.

## ELEVENTH DEFENSE

Philips' claims for relief are barred in whole or in part by equitable principles including by the doctrines of waiver, laches, acquiescence, equitable estoppel, unclean hands, and Philips' failure to mitigate damages (if such damages exist, which is denied).

## **TWELFTH DEFENSE**

Philips' Sixth Claim for Relief for Punitive Damages is barred because TEC did not engage in any egregious, willful, or wanton conduct, fraud, or malice and, therefore, an award of punitive or enhanced damages would be unwarranted and unconstitutional. TEC plead the immunities, limitations, and defenses of Chapter 1D, et seq., of the North Carolina General Statutes, which governs punitive damages.

### **ADDITIONAL DEFENSES AND RESERVATION OF RIGHTS**

TEC has not knowingly or voluntarily waived any applicable defense and reserves the right to assert and rely upon such other applicable defense(s) that may become available or apparent during discovery and investigation, which is ongoing, as allowed by law or the Court.

WHEREFORE, Defendant TEC Holdings, Inc. prays that:

1. Plaintiffs' Amended Complaint be dismissed with prejudice;

2. The Court enter judgement in favor of TEC and the other Defendants on all claims, such that Plaintiffs have and recover nothing from TEC or the other Defendants;

3. The Court deny Plaintiffs' requests for injunctive relief and constructive trust;

4. The Court tax the costs of this action against Plaintiffs;

5. The Court award TEC its reasonable attorneys' fees as allowed by applicable law; and

6. The Court award such other and further relief as it deems just and proper.

Respectfully submitted, this the 27th day of July, 2020.

MORNINGSTAR LAW GROUP

*/s/ J. Christopher Jackson*
J. Christopher Jackson
N.C. State Bar No. 26916
cjackson@morningstarlawgroup.com
John T. Kivus
NC State Bar No. 42977
jkivus@morningstarlawgroup.com
**MORNINGSTAR LAW GROUP**
421 Fayetteville Street, Suite 530
Raleigh, NC 27601
Telephone: (919) 590-0365
Facsimile: (919) 882-8890

Harrison M. Gates
N.C. State Bar No. 43793
hgates@morningstarlawgroup.com
**MORNINGSTAR LAW GROUP**
112 W. Main Street, Second Floor
Durham, NC 27701
Telephone: (919) 590-0392
Facsimile: (919) 882-8890

*Counsel for Defendant TEC Holdings, Inc.*

28

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter:

> */s/ J. Christopher Jackson*
> J. Christopher Jackson
> N.C. State Bar No. 26916
> cjackson@morningstarlawgroup.com
> **MORNINGSTAR LAW GROUP**
> 421 Fayetteville Street, Suite 530
> Raleigh, NC 27601
> Telephone:  (919) 590-0365
> Facsimile:   (919) 882-8890
>
> *Counsel for Defendant TEC Holdings, Inc.*

29