## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:19-CV-373-MOC-DCK

| | |
|---|---|
| PHILIPS MEDICAL SYSTEMS NEDERLAND B.V., PHILIPS NORTH AMERICA LLC, and PHILIPS INDIA LTD., <br><br>    Plaintiffs, <br><br>    v. <br><br> TEC HOLDINGS, INC., TRANSTATE EQUIPMENT COMPANY, INC., PEAK TRUST COMPANY-AK, and ROBERT ANDREW WHEELER, <br><br>    Defendants. | ) ) ) ) ) ) ) ) **ORDER** ) ) ) ) ) ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of Protective Order" (Document No. 104) filed June 3, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the motion is **granted** and the parties' proposed Protective Order is entered as follows:

### PROTECTIVE ORDER

**Proceedings and Information Governed.**

1. This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information, or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" (collectively, "Protected Information") in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

    2. For purposes of this Protective Order:

    (a) The "Confidential Information" designation shall mean that the discovery, document or otherwise, is comprised of sensitive, non-public information, including but not limited to trust agreements, trust transactions, and trust financial information, and that a party deems in good faith to contain proprietary, technical, financial, sensitive, or confidential personal, research, development, business, or commercial information that is not publicly available, including that which may be obtained or produced by any non-party pursuant to a subpoena in this action.

    (b) The "Confidential Attorney Eyes Only Information" designation shall mean that the document is comprised of Confidential Information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, nonproprietary computer code and associated information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter.

    3. Protected Information may be designated in the following manner.

    (a) Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

    (b) Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

    (c) A party may designate testimony or information disclosed at a deposition as Protected Information by requesting the reporter to so designate the transcript and any associated records of same, or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have twenty-one (21) calendar days after receipt of the transcript to designate, in writing to the other parties and to the court reporter, whether the entire transcript, or specific pages and lines of the transcript (including any referenced exhibits), is to be designated as Protected Information. If no such designation is made at the deposition or within such twenty-one (21) calendar day period (during which period, the transcript shall be treated as

Confidential Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Protected Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and the media containing any associated records of same, and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order. Further, the pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Information must be marked with their appropriate designation and separately bound by the court reporter and not included in the main deposition transcript and exhibit binder, and may not be disclosed to anyone except as permitted under this stipulated Protective Order.

(d) It is the responsibility of counsel for each party to maintain materials containing Protected Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate.**

4. The inadvertent failure to designate or withhold any information as Protected Information or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations.**

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have fourteen (14) days after receipt of a challenge notice to advise the receiving party whether it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14) day time frame, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6. Information designated as Protected Information may only be used for purposes of preparation, trial and appeal of this action. Protected Information may not be used by the receiving party under any circumstances for prosecuting any patent application, for patent licensing or for any other purpose. If a producing party inadvertently or unintentionally produces to a receiving party any documents or information subject to a claim of privilege, protection, or immunity from discovery (including but not limited to attorney-client privilege, work product protection, and immunities created by federal or state statute, regulation, or common law), the producing party

shall, within thirty (30) days of the discovery of the inadvertent or unintentional production, give notice to the receiving party in writing of the producing party's claim of privilege, protection, or immunity from discovery. Thereafter, the receiving party shall immediately return, sequester, or destroy the original and all copies of the Protected Information or privileged materials, including copies of the Protected Information or privileged materials disseminated to other persons by the receiving party. The receiving party shall also immediately sequester or destroy all notes, summaries, abstracts, written digests, recordings, or work product reflecting the contents of such Protected Information or privileged materials. The receiving party shall certify in writing that it has returned, sequestered, or destroyed the inadvertently or unintentionally produced Protected Information or privileged materials, including all copies, and that it has otherwise complied with the requirements of this paragraph. No further uses or disclosures shall be made of the inadvertently or unintentionally produced Protected Information or privileged materials until any dispute over such claim of privilege is resolved by the parties or the Court, as necessary. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of privilege, protection, or immunity from discovery, either as to specific documents and information disclosed or on the same or related subject matter. The Parties shall have the benefit of all limitations on waiver afforded by Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure and Federal Rule of Evidence 502. Any Party who receives such inadvertently or unintentionally produced information need not wait for notice from the producing party before complying with the requirements of this paragraph, and is expected to comply with them as soon as it is aware that the information produced is privileged.

7. Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) corporate party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (b) one (1) in-house counsel who is identified by the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks and legal clerks; (e) experts or consultants (subject to provisions of paragraph 9 of this Order); (f) any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (g) the Court and its personnel.

8. Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) one (1) in-house counsel who is identified by the receiving party after that designated in-house counsel enters a formal appearance in this case; (b) outside counsel for the receiving party; (c) supporting personnel employed by (a) and (b), such as paralegals, legal secretaries, data entry clerks and legal clerks; (d) experts or consultants (subject to provisions of paragraph 9 of this Order); (e) any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (f) the Court and its personnel.

9. Further, prior to disclosing Protected Information to a receiving party's expert or

consultant, the receiving party shall provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, and a list of current business or consulting affiliations, and a history of consulting or expert work in the last five (5) years. The producing party shall thereinafter have fourteen (14) days from receipt of the Confidentiality Agreement to object to any proposed individual. Such objection must be made for good cause and in writing, stating with particularity the reasons for objection. Failure to object within fourteen (14) days shall constitute approval. If the parties are unable to resolve any objection, the receiving party may apply to the Court to resolve the matter. There shall be no disclosure of Protected Information to any proposed expert or consultant during the fourteen (14) day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection or the Court has ruled upon any resultant motion.

10. Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

11. Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the Court and its personnel, and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of the Protected Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

12. The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing and Sealing Documents With the Court.**

13. In the event that any party wishes to submit Protected Information to the Court, the

parties agree to follow the practice and procedures prescribed by the Court for filing and sealing documents as described in the Local Civil Rule 6.1. Specifically, the parties agree that any documents (including briefs), tangible things, or information designated as Confidential or Confidential Attorneys Eyes Only Information that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with Local Civil Rule 6.1. A party seeking to file documents containing Protected Information shall first consult with the Designating Party to determine if some measure less restrictive than filing under seal may serve to provide adequate protection. The Designating Party shall promptly respond to all such requests seeking input on the use of some measure less restrictive than filing under seal.

**No Prejudice.**

14. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Protected Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation.**

15. Subject to a final order of the Court on the completion of litigation, within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents containing Protected Information, and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, transcripts, exhibits, and attorney work product and privileged communications (but only to the extent that the privileged communications do not attach Protected Information), provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

16. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated as Protected Information pursuant to this Protective Order, shall promptly notify the designating party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

17. Any party may petition the Court for good cause shown, in the event such party

desires relief from a term or condition of this Order.

      18.    The provisions of this Protective Order shall survive the conclusion of this action.

**SO ORDERED**.

Signed: June 3, 2021

David C. Keesler
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:19-CV-373-MOC-DCK

| | |
|---|---|
| PHILIPS MEDICAL SYSTEMS NEDERLAND B.V., PHILIPS NORTH AMERICA LLC, and PHILIPS INDIA LTD,<br><br>Plaintiffs,<br><br>v.<br><br>TEC HOLDINGS, INC., F/K/A TRANSTATE EQUIPMENT COMPANY, INC.; ROBERT ANDREW WHEELER, individually, in his capacity as director, officer, and shareholder of TEC HOLDINGS, INC., F/K/A TRANSTATE EQUIPMENT COMPANY, INC., in his capacity as Executor of the Estate of DANIEL R. WHEELER, and in his capacity as Trustee of the THE ROBERT A. WHEELER FAMILY TRUST; and PEAK TRUST COMPANY—AK, as Trustee of the WHEELER FAMILY TRUST and THE RAW FAMILY TRUST,<br><br>Defendants. | |

## CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT OR EMPLOYEES OF ANY PARTY

I hereby affirm that:

Information, including documents and things, designated as "Protected Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Protected Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Protected Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Protected Information are to be returned to counsel who provided me with such documents and materials.

_____  _____
Date  _____ [print name]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:19-CV-373-MOC-DCK

| | |
|---|---|
| PHILIPS MEDICAL SYSTEMS NEDERLAND B.V., PHILIPS NORTH AMERICA LLC, and PHILIPS INDIA LTD, <br><br> Plaintiffs, <br><br> v. <br><br> TEC HOLDINGS, INC., F/K/A TRANSTATE EQUIPMENT COMPANY, INC.; ROBERT ANDREW WHEELER, individually, in his capacity as director, officer, and shareholder of TEC HOLDINGS, INC., F/K/A TRANSTATE EQUIPMENT COMPANY, INC., in his capacity as Executor of the Estate of DANIEL R. WHEELER, and in his capacity as Trustee of the THE ROBERT A. WHEELER FAMILY TRUST; and PEAK TRUST COMPANY—AK, as Trustee of the WHEELER FAMILY TRUST and THE RAW FAMILY TRUST, <br><br> Defendants. | |

## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I hereby affirm that:

Information, including documents and things, designated as "Protected Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Protected Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court.

_____  _____
Date   _____ [print name]