IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:19-CV-373-MOC-DCK

| | |
|---|---|
| PHILIPS MEDICAL SYSTEMS NEDERLAND B.V.; PHILIPS NORTH AMERICA LLC; AND PHILIPS INDIA LTD, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ORDER |
| TEC HOLDINGS, INC.; TRANSTATE EQUIPMENT COMPANY, INC.; PEAK TRUST COMPANY-AK; AND ROBERT ANDREW WHEELER, | ) ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on the Stewart Law Firm, P.A.'s "Objection To Plaintiffs' Subpoena Duces Tecum And Motion To Quash By Non-Party Stewart Law, P.A." (Document No. 122) filed October 11, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.

The undersigned has carefully considered the motion and the record, including "Plaintiffs' Response To Objection To Plaintiffs' Subpoena Duces Tecum And Motion To Quash By Non-Party Stewart Law, P.A." (Document No. 127). The parties now report that they have met and conferred and reached an agreement on how to resolve the Motion To Quash as set forth in their proposed Consent Order (Document No. 127-1).

The Court adopts the parties' proposed Consent Order as follows:

1. Stewart Law shall produce the documents and communications related to its representation of and work for Transtate Equipment Company, Inc. n/k/a TEC Holdings, Inc. (the

"Company") and Decedent Daniel R. Wheeler (the "Decedent"), with bates stamps, to counsel for the Company and the Decedent's Executor in this action, Faegre Drinker Biddle & Reath, LLP, within two (2) business days of the entry of this Order so that counsel for the Company and the Decedent's Executor may undertake a review of such documents and determine the extent to which it will object to the production or waive privilege. Counsel for Stewart Law has determined there are approximately 900 documents in Stewart Law's possession, custody, or control relating to the Company and the Decedent.

2. Within ten (10) days of receiving such documents, counsel for the Company and the Decedent's Executor shall: (i) produce any and all relevant and responsive documents over which they do not claim privilege or for which they will waive privilege to counsel for all other parties; and (ii) provide a privilege log identifying every relevant and responsive document withheld by Transtate or the Decedent's Executor along with sufficient information to permit counsel for Plaintiffs to assess the claim of privilege so that Plaintiffs can address any issues with the Court.

3. This Order is entered for the purpose of permitting Stewart Law to produce documents in response to the Subpoena which relate to the Company and the Decedent.

4. The production of any document under this Order shall not be considered as evidence of a waiver of any privilege with respect to any document or issue referenced in the privilege log.

**SO ORDERED.**

Signed: October 25, 2021

David C. Keesler
United States Magistrate Judge