# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:19-CV-373-MOC-DCK

| | |
|---|---|
| PHILIPS MEDICAL SYSTEMS NEDERLAND B.V., PHILIPS NORTH AMERICA LLC, and PHILIPS INDIA LTD., ) ) ) ) Plaintiffs, ) ) v. ) ) TEC HOLDINGS, INC., f/k/a TRANSTATE EQUIPMENT COMPANY, INC., TRANSTATE EQUIPMENT COMPANY, INC., f/k/a TRANSTATE HOLDINGS, INC., ROBERT ANDREW WHEELER, and PEAK TRUST COMPANY-AK, ) ) ) ) ) ) ) ) Defendants. ) | ORDER |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiffs' Unopposed Motion To Seal" (Document No. 144) filed November 15, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule ("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1    SEALED FILINGS AND PUBLIC ACCESS.**

> **(a)**    *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature

and in any medium or format.

**(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> **(4)** Supporting statutes, case law, or other authority.

Local Rule 6.1. It appears that the requirements of Local Rule 6.1(c)(1) through (4) have been adequately met.

By the instant motion, Plaintiffs seek to seal their "Reply Brief In Support Of Plaintiffs' Motion For A Protective Order Re Deposition Of Philips' In-House Counsel Douglas McKnight" (Document No. 142) and the attached Exhibits B-I (Document Nos. 142-1 through 142-8). Plaintiffs contend that their Reply Brief "discusses and references confidential and sensitive financial information designated by one or more parties as 'Confidential' or 'Attorneys' Eyes Only' under the protective order." (Document No. 144, p. 2). Moreover, with respect to the Exhibits that Plaintiffs seek to seal, they contend that these documents "contain confidential and sensitive financial information and proprietary business information regarding the parties'

2

respective business operations and proprietary technologies." (Document No. 145, p. 2). Defendants consent to the requested sealing. (Document No. 144, p. 3).

Having considered the factors provided in Local Rule 6.1(c), the Court will grant the motion to seal. Noting that the time for public response has not run to this motion, the Court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. <u>See</u> Local Rule 6.1(e).

**IT IS, THEREFORE, ORDERED** that "Plaintiffs' Unopposed Motion to Seal" (Document No. 144) is **GRANTED**. Document No. 142 and the attached Exhibits shall remain under **SEAL** until otherwise ordered by this Court.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a publicly available redacted version of Document No. 142 on or before **November 22, 2021**.

**SO ORDERED**.

Signed: November 16, 2021

_____
David C. Keesler
United States Magistrate Judge